**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| -------------------------------------------------------- : | |
| SHIVA STEIN, : | |
| : | |
|                Plaintiff, : | Civil Action No. 22-cv-4109 |
| : | |
| v. : | **COMPLAINT FOR VIOLATIONS OF** |
| : | **SECTIONS 14(a) AND 20(a) OF THE** |
| EMCLAIRE FINANCIAL CORP., WILLIAM : | **SECURITIES EXCHANGE ACT OF** |
| C. MARSH, MILISSA S. BAUER, DAVID L. : | **1934** |
| COX, JAMES M. CROOKS, HENRY H. : | |
| DEIBLE, HENRY H. DEIBLE, II, ROBERT : | **JURY TRIAL DEMANDED** |
| W. FREEMAN, MARK A. FREEMER, : | |
| STEVEN J. HUNTER, JOHN B. MASON, : | |
| DEANNA K. MCCARRIER, and NICHOLAS : | |
| D. VARISCHETTI, : | |
| : | |
|              Defendants. : | |
| -------------------------------------------------------- : | |

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.     This is an action brought by Plaintiff against Emclaire Financial Corp., ("Emclaire or the "Company") the members Emclaire's board of directors (the "Board" or the "Individual Defendants"), and Farmers National Banc Corp. and affiliates ("Farmers" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Emclaire and Farmers.

2.     Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on May 13, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Emclaire will merge with and into FMNB Merger Subsidiary V, LLC, a wholly owned subsidiary of Farmers ("Merger Sub"), with Merger Sub surviving the transaction. Thereafter, Merger Sub will dissolve and liquidate, and The Farmers National Bank of Emlenton, a wholly-owned subsidiary of Emclaire, will merge with and into The Farms National Bank of Cafield, a wholly-owned subsidiary of Farmers, with Farmers Bank being the surviving entity (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Emclaire stockholder will receive either: (i) 2.15 Farmers common shares or (ii) $40.00 in cash (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 10.8% of the outstanding Farmers common shares.

3.     As discussed below, Defendants have asked Emclaire's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Raymond James & Associates, Inc. ("Raymond James") in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Emclaire's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Emclaire trades on the NASDAQ Stock Exchange, headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Emclaire stock and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant William C. Marsh has served as a member of the Board since January 2009 and is the Company's President, Chief Executive Officer, and Chairman of the Board.

11.     Individual Defendant Milissa S. Bauer has served as a member of the Board since 2015.

12.     Individual Defendant David L. Cox has served as a member of the Board since 1991.

13.     Individual Defendant James M. Crooks has served as a member of the Board since 2004.

14.     Individual Defendant Henry H. Deible has served as a member of the Board since 2018.

15.     Individual Defendant Henry H. Deible, II has served as a member of the Board since 2018.

16.     Individual Defendant Robert W. Freeman has served as a member of the Board since 2015.

17.     Individual Defendant Mark A. Freemer has served as a member of the Board since 2004.

18.     Individual Defendant Steven J. Hunter served as a member of the Board since 2021.

19.     Individual Defendant John B. Mason has served as a member of the Board since 1989.

20.     Individual Defendant Deanna K. McCarrier has served as a member of the Board since 2016.

21.     Individual Defendant Nicholas D. Varischetti has served as a member of the Board since 2015.

22.     Defendant Emclaire is a Pennsylvania corporation and maintains its principal offices at 612 Main Street, Emlenton, Pennsylvania 16373.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "EMCF."

23.     The defendants identified in paragraphs 10-21 are collectively referred to as the "Individual Defendants" or the "Board."

24.     The defendants identified in paragraphs 10-22 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     The Proposed Transaction

25.     Emclaire operates as the bank holding company for The Farmers National Bank of Emlenton that provides retail and commercial financial products and services to individuals and businesses in western Pennsylvania. The Company's deposit products include checking, savings, and term certificate accounts; savings and time deposits; non-interest bearing and interest-bearing demand deposit accounts; and money market accounts. Its loan portfolio comprises one-to-four family mortgage loans, home equity loans, commercial business and commercial real estate loans, consumer loans, and loans to one borrower. The Company operates a network of 19 retail branch offices in Venango, Allegheny, Butler, Clarion, Clearfield, Crawford, Elk, Jefferson, and Mercer counties, and Pennsylvania. The Company was founded in 1900 and is headquartered in Emlenton, Pennsylvania.

26.     On March 24, 2022, the Company and Farmers jointly announced the Proposed Transaction:

CANFIELD, Ohio & EMLENTON, Pa.--(<u>BUSINESS WIRE</u>)-- Farmers National Banc Corp. ("Farmers") (NASDAQ: FMNB), the holding company for The Farmers National Bank of Canfield ("Farmers Bank"), and Emclaire Financial Corp. ("Emclaire") (NASDAQ: EMCF), the holding company for The Farmers National Bank of Emlenton ("Emlenton Bank"), jointly announced today that they have entered into an agreement and plan of merger (the "Agreement").

Pursuant to the Agreement, each shareholder of Emclaire may elect to receive either $40.00 per share in cash or 2.15 shares of Farmers' common stock, subject to an overall limitation of 70% of the shares being exchanged for Farmers' shares and 30% for cash. Based on Farmers' closing share price of $17.02 on March 23, 2022, the transaction is valued at approximately $105 million, or $37.62 per share. The merger is expected to qualify as a tax-free reorganization for those shareholders electing to receive Farmers' shares. The transaction is subject to receipt of Emclaire shareholder approval and customary regulatory approvals and is expected to close in the second half of 2022.

William C. Marsh, the current President and Chief Executive Officer and Chairman of the Board of Emclaire and Emlenton Bank, will join Farmers as Senior Vice President and as Market President, Pennsylvania, after the merger. Furthermore, Farmers intends to name one director from Emclaire's board to join its Board of Directors immediately after the merger and appoint the remaining non-employee directors of Emclaire to a newly formed advisory board for the Pennsylvania Region.

Kevin J. Helmick, President and CEO of Farmers, stated, "As we continue to demonstrate Farmers successful track record for executing on M&A, I am pleased to announce our largest acquisition to date. This latest transaction will mark a significant extension into the Pennsylvania markets, which has been a long-time strategy for Farmers. The contiguous expansion will also serve as Farmers' entrance into the attractive Pittsburgh market and allow us to deliver our robust wealth management and mortgage services to the Emlenton footprint. This latest acquisition will continue to integrate Farmers' culture into new communities and drive value for our stakeholders."

Mr. Marsh stated, "We are excited to be joining with The Farmers National Bank of Canfield and believe that the combination will benefit our shareholders, customers and the communities we serve.

We are thrilled to be joining such a premier regional banking franchise. We are excited about the new products and services that will be available to our customers and the communities we serve. I believe that this partnership will provide great value for the entire Emclaire family."

Upon consummation of the transaction, Emlenton Bank will be merged with and into Farmers Bank, with Farmers Bank as the surviving bank, and Emlenton Bank's branches will become branches of Farmers Bank. Upon closing, Farmers estimates it will have approximately $5.2 billion in assets and 66 locations throughout Ohio and western Pennsylvania.

As of December 31, 2021, Emclaire had $1.1 billion in total assets, $72.4 million in tangible common equity, $790.9 million in gross loans and $918.5 million in total deposits.

Serving Farmers in the transaction are Janney Montgomery Scott LLC as financial advisor and Vorys, Sater, Seymour and Pease LLP as legal counsel. Serving Emclaire in the transaction are Raymond James & Associates, Inc. as financial advisor and Silver, Freedman, Taff & Tiernan LLP as legal counsel.

\* \* \*

27.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that Emclaire's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Registration Statement**

28.     On May 13, 2022, Emclaire and Farmers jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's

stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

29.     The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Raymond James in its analyses. The Registration Statement discloses Raymond James reviewed "certain information related to the historical condition and prospects of the Company … including … financial projections prepared by the management of the Company for the periods ending December 31, 2022 through 2026…." Registration Statement at 51, B-1. Accordingly, the Registration Statement should have, but fails to provide, the Projections that management provided to the Board and Raymond James. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

30.     Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide the Projections as provided by Company management to Raymond James to render the Registration Statement not false and misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Emclaire*

31.     With respect to Raymond James' *Selected Companies Analysis*, the Registration Statement fails to disclose the metrics and the multiples of the selected comparable companies selected by Raymond James for the analysis.

32.     With respect to Raymond James' *Selected Transaction Analysis*, the Registration Statement fails to disclose the metrics and the multiples of the selected comparable transactions selected by Raymond James for the analysis.

33.     With respect to Raymond James' *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) terminal value of the Company and Farmers as of December 31, 2024; (ii) The Company's projected free cash flows for the years ending December 31, 2022 through 2026; (iii) line items used to calculate Emclaire's projected free cash flows; (iv) the inputs and assumptions underlying the use of tangible common equity in excess of a target ratio of 8.0% of tangible assets at the end of each projection period for free cash flow; (v) the inputs and assumptions underlying the applied multiples ranging from 9.0x to 13.0x; (vi) the inputs and assumptions underlying the discount rates ranging from 13.0% to 17.0%; and (vii) the amount of fully diluted number of shares of Company common stock.

34.     With respect to Raymond James' engagement as the Company's financial advisor, the Registration Statement fails to disclose the amount of fees Raymond James received for investment banking advisory services to Emclaire, fixed income trading activity with Emlenton Bank, investment banking advisory services to Farmers in connection with the acquisition of Cortland Bancorp, investment banking services to Farmers in connection with a private debt offering, and trading activity with Farmers Bank and Farmers Trust Company.

35.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange

Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

36.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

38.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

39.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed

to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

40.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

41.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Emclaire within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

directors of Emclaire, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Emclaire, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Emclaire, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

46.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 19, 2022                           **MELWANI & CHAN LLP**

                                    By:  _/s/ Gloria Kui Melwani_
                                         Gloria Kui Melwani
                                         1180 Avenue of the Americas, 8th Fl.
                                         New York, NY 10036
                                         Telephone: (212) 382-4620
                                         Email: gloria@melwanichan.com

                                         _Attorneys for Plaintiff_